**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MARY PAULETTE MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:08-CV-88 CAS |
| v. ) | |
| ) | |
| DEFENDER SERVICES, INC. and ) | |
| STEVE FARROW, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Steve Farrow's motion to dismiss. Plaintiff opposes the motion. For the following reasons, the Court finds that it lacks subject matter jurisdiction over this action, and it will remand this matter to the Circuit Court of Cape Girardeau County, Missouri, from which it was removed. The Court will not address defendant Steve Farrow's motion to dismiss, and the motion remains pending for resolution by the state court following remand.

**Background**

From 1989 until her termination on May 14, 2006, plaintiff Mary Paulette Moss was employed by defendant Defender Services, Inc. ("Defendant Services"), a corporation that owns and operates a security service at the Proctor and Gamble plant in Cape Girardeau County, Missouri. Defendant Steve Farrow ("Farrow") was plaintiff's supervisor at Defender Services. Plaintiff alleges she was demoted and later terminated on the basis of age and sex discrimination in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 et seq. Plaintiff also alleges she was retaliated against prior to her termination because she had complained of the age and sex discrimination by defendant Farrow to the human resources department of Defender Services.

On April 28, 2008, plaintiff filed this action in the Circuit Court of Cape Girardeau County. Defendants removed the action to this Court on June 9, 2008, asserting diversity of citizenship. In their notice of removal, defendants acknowledge that both plaintiff and defendant Farrow are Missouri citizens for purposes of diversity of citizenship, but state that this case is nonetheless removable to federal court "because plaintiff fraudulently joined Farrow." (Notice of Removal at ¶ 10).

Shortly after removing the case to this Court, defendant Farrow filed a motion to dismiss, stating that the Court must dismiss plaintiff's claims as to defendant Farrow because plaintiff failed to exhaust her administrative remedies against him. In particular, defendant Farrow argues that plaintiff never filed an administrative complaint with the Missouri Commission on Human Rights naming him as a respondent.

**Discussion**

As an initial matter, plaintiff has not filed a motion for remand. The lack of subject matter jurisdiction may not be waived, however, either by the court or by the parties. A district court must remand a case at any time before final judgment if it appears that the court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); 16 James Wm. Moore, et al., Moore's Federal Practice, § 107.41[1][a] (3d ed. 2008). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). It is appropriate, therefore, for the Court to determine its subject matter jurisdiction before turning to the merits of defendant Farrow's motion to dismiss.

Original jurisdiction exists in all civil actions between persons of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). When a court is assessing whether

diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983); 28 U.S.C. § 1441(b). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). "'[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" Id. (quoting Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

"However, if there is a 'colorable' cause of action--that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder." Filla, 336 F.3d at 810. "[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 122 (3rd Cir. 1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085 (1991); see Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction."). "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Filla, 336 F.3d at 811.

Recently, in Messmer v. Kindred Hosp. St. Louis, 2008 WL 4948451 (E.D. Mo. Nov. 10, 2008), Judge Carol E. Jackson addressed a situation nearly identical to that presented in this case. In Messmer, plaintiff sued defendant hospital and a non-diverse managerial employee of the hospital for sexual harassment and sex discrimination under the MHRA. Defendants removed to federal court, alleging that the non-diverse managerial employee was fraudulently joined. Once in federal court, the non-diverse defendant filed a motion to dismiss, arguing (similar to defendant Farrow) that she should be dismissed because she was not named in plaintiff's administrative charge under the MHRA. Messmer, 2008 WL 4948451 at *3

On the motion to remand, the Court found that because the MHRA allows for individual liability by a managerial employee, and because the petition claimed that the managerial employee was involved in the allegedly discriminatory acts, she was properly subject to liability under the MHRA. Plaintiff had asserted a colorable claim against the non-diverse defendant based on the MHRA, and therefore the joinder was not fraudulent. Id. (citing Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238 (Mo. Ct. App. 2006)). Consequently, there was no diversity of citizenship and, therefore, no federal jurisdiction. Id. at *3. The Court's decision that it lacked subject matter jurisdiction precluded it from ruling on defendant's motion to dismiss based on plaintiff's failure to name the individual defendant in the administrative charge. The Court found this determination was more appropriately made by the state court on a motion to remand. Id.

The Court's decision in Messmer is persuasive and clearly analogous to the situation presented here. Plaintiff Moss's complaint alleges that defendant Farrow "exercised supervisory authority over plaintiff respecting the terms and conditions of her employment." Pet. at ¶ 6. Plaintiff alleges that defendant Farrow demoted her and later terminated her, promoting a younger male

employee with less experience to replace plaintiff. All plaintiff's allegations of discriminatory and retaliatory conduct are directed against defendant Farrow and defendant Defender Services. See id. at ¶¶ 11-22. Because the petition claims that defendant Farrow was involved in the allegedly discriminatory acts in his capacity as plaintiff's supervisor, defendant Farrow may be subject to liability under the MHRA. Plaintiff has asserted a colorable claim against defendant Farrow based on the MHRA, and therefore his joiner is not fraudulent. Consequently, there is no diversity of citizenship and no federal jurisdiction.

The Court's ruling on subject matter jurisdiction precludes it from ruling on defendant Farrow's motion to dismiss. See Messmer, 2008 WL 4948451 at *3 ("[T]his determination is more appropriately made by the state court rather than the federal court on a motion to remand.").

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Circuit Court of Cape Girardeau County, Missouri, from which it was removed, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that there remains **PENDING** for resolution by the state court following remand the motion to dismiss filed by defendant Steve Farrow.

An order of remand will accompany this memorandum and order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of January, 2009.